UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CR-36-SWS |
| ) | |
| JASON LITTLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO SUPPRESS BASED ON THE 5TH AMENDMENT

**COMES NOW** Defendant, Jason Little, by and through Counsel P. Craig Silva of Williams, Porter, Day, and Neville, P.C., and submits this *Motion to Suppress Based on the Fifth Amendment*.

1. On February 24, 2019, according to the Affidavit of Jay S. Johnson, the following occurred:

    a. At around 9:15 a.m. on February 24, 2019, Jason Little, via text message contacted Special Agent Broad with the Wyoming Division of Criminal Investigation. Little was familiar with Broad due to Little's involvement with methamphetamine.

    b. Little informed Broad that he was armed, angry, and suicidal and headed to a residence in Thermopolis, Wyoming. In particular, Little stated that "today was the day he was going to die."

    c. Little was intercepted a little before noon in Thermopolis. Little was removed from his vehicle arrested and placed in a patrol vehicle.

    d. Little was taken to the hospital and was questioned at the hospital by law enforcement at the hospital he said, ". . . the last time he did methamphetamine was a month ago . . . a week ago."

2. Little is charged with being a Unlawful User of Controlled Substance in Possession of a Firearm. 18 U.S.C. §§ 922(g)(3) and 942(a)(2). This statement appears from the current record to be un-Mirandized, and it is not clear whether it was simply a volunteer statement or under questioning of law enforcement. As such, the statement is subject to a motion to suppress on the current factual record.

3. The Fifth Amendment privilege against self-incrimination governs the admissibility of most statements. The Fifth Amendment requires that no person "be compelled in any criminal case to be a witness gains himself." Suppression is most likely warranted here because of a violation of the rule espoused in *Miranda*. In *Miranda* the Court declared that custodial interrogation generates "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he does not otherwise do so freely." *Miranda*, 384 U.S. 291 at 467. The *Miranda* requirement only affects the admissibility of statements obtained through custodial interrogation. *Rhode Island v. Innis*, U.S. 291, 297 (1980). Custodial interrogation consists of "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444.

4. From the current record, there would appear to be a Fifth Amendment violation in that Mr. Little was in custody, and likely subject to interrogation without any warnings. This means that the above-quoted statements should be suppressed.

**WHEREFORE** the Defendant, Mr. Little, requests a ten-day extension of the deadline to file pretrial motions.

[Remainder of Page Intentionally Left Blank]

DATED this 15th day of April, 2019.

/s/ P. Craig Silva
P. Craig Silva, WSB No. 6-3066
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott St., Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602
Phone: 307-265-0700
Fax:    307-266-2306
csilva@wpdn.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2019, I served a true and correct copy of the foregoing *Motion to Suppress* to Counsel of record via CM/ECF or the Court's electronic filing system.

/s/ P. Craig Silva